**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kirk Marshall Clayton, | ) | No. CV 04-3035-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Tolleson Union High School District, | ) | |
| Defendant. | ) | |

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. # 26), Plaintiff's Motion for Declaratory Judgments (Doc. # 29), Defendant's Motion to Strike (Doc. # 31), and Defendant's Motion for Summary Adjudication of Defendant's Motion for Summary Judgment (Doc. # 32).

Defendant filed its Motion for Summary Judgment on March 16, 2006, the deadline for dispositive motions. Plaintiff filed his Motion for Declaratory Judgments on April 21, 2006. Thereafter, Defendant filed its Motion to Strike Plaintiff's Motion for Declaratory Judgments as being untimely. To the extent Plaintiff's Motion for Declaratory Judgments is intended to serve as a dispositive motion, Defendant's motion to strike will be granted because Plaintiff's motion was filed after the dispositive motion deadline. Further, to the extent Plaintiff's Motion for Declaratory Judgments is intended to serve as a response to Defendant's Motion for Summary Judgment, it also is untimely under Local Rule 56.1(d). *See* Fed. R. Civ. P. 6(e). Nonetheless, the Court will treat Plaintiff's Motion for Declaratory

1   Judgments as a response to Defendant's Motion for Summary Judgment and consider it
2   accordingly.

3   I.    Summary Judgment Standard

4          Summary judgment is appropriate when "the pleadings, depositions, answers to
5   interrogatories, and admissions on file, together with affidavits, if any, show that there is no
6   genuine issue as to any material fact and that the moving party is entitled to summary
7   judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated
8   "...against a party who fails to make a showing sufficient to establish the existence of an
9   element essential to that party's case, and on which that party will bear the burden of proof
10  at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

11         Initially, the movant bears the burden of pointing out to the Court the basis for the
12  motion and the elements of the causes of action upon which the non-movant will be unable
13  to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-
14  movant to establish the existence of material fact. *Id.* The non-movant "must do more than
15  simply show that there is some metaphysical doubt as to the material facts" by "com[ing]
16  forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*
17  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.
18  56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury
19  could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
20  242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create
21  a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However,
22  in the summary judgment context, the Court construes all disputed facts in the light most
23  favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.
24  2004).

25  II.   Discussion

26         This is an employment dispute arising from Defendant's decision not to hire Plaintiff
27  for a full-time special education teaching position or a substitute teaching position. In his
28  Complaint, Plaintiff alleges three causes of action: (1) violation of Title VII, race

discrimination, (2) violation of Title VII, gender discrimination, and (3) violation of the Age Discrimination in Employment Act ("ADEA").[1]   Defendant argues that Plaintiff has submitted no evidence in response to the motion for summary judgment to support his claims.  After review of the memoranda and supporting documentation filed by the parties, including  Plaintiff's Statement of Facts in Support of his Motion for Declaratory Judgment, the Court agrees.

A.   Race Discrimination

In a disparate treatment case under Title VII, Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination.  *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  A *prima facie* case may be established by proof of the following: (1) Plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.  *Id*.  If Plaintiff establishes a *prima facie* case, then the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment decision.  *Id*.  If Defendant satisfies its burden, then Plaintiff must prove by a preponderance of the evidence that the nondiscriminatory reason offered by Defendant is pretextual.  *Id*. at 1124.

The Court finds that Plaintiff has failed to establish a *prima facie* case of discrimination.  First, Plaintiff has failed to show that he was qualified for the special education teaching position.  The undisputed evidence shows that Defendant was seeking a special education teacher to teach English.  Further, the undisputed evidence shows that Plaintiff, during the interview process with Defendant, admitted he was not qualified to teach

---

[1]Plaintiff's Statement of Facts in Support of its Motion for Declaratory Judgment (Doc. # 30) recites that Plaintiff's Complaint alleges five causes of action, specifically: (1) race discrimination; (2) intentional employment discrimination; (3) gender discrimination; (4) age discrimination; and (5) retaliation.  A review of Plaintiff's Complaint shows he is advancing only claims for race discrimination, gender discrimination and age discrimination. Accordingly, the Court will only consider the three claims asserted in the Complaint.

English and did not want the teaching position.  Finally, the undisputed evidence shows that Plaintiff's "zero-tolerance" policy for disciplining special education students did not match Defendant's discipline policy, and Plaintiff failed to express familiarity with the 1997 amendments to the Individuals with Disabilities Education Act, which Defendant considered essential for a special education teacher.

Second, Plaintiff is unable to show that he was subject to an adverse employment action.  Specifically, the evidence shows Plaintiff took himself out of consideration for the special education teaching position when he admitted to Defendant, during the interview, that he was not qualified to teach English, that he did not want to teach English, and that he did not want the available position.

Finally, Plaintiff is unable to show that similarly situated individuals outside his protected class were treated more favorably.  In fact, Plaintiff has offered no evidence whatsoever showing who was hired to fill the special education teaching position for which he interviewed.  Accordingly, for the forgoing reasons, Plaintiff has failed to establish a *prima facie* case of race discrimination.[2]

B.   Gender Discrimination

Plaintiff also alleges in his Complaint that Defendant did not hire him for the special education teaching position because of his gender, i.e., male.  However, as Defendant points out, Plaintiff did not include gender discrimination in his charge of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  Accordingly, Defendant argues that the Court is deprived of jurisdiction to hear the gender discrimination claim.  The Court agrees.

---

[2]Because Plaintiff has failed to establish a *prima facie* case of race discrimination, the Court need not address the remaining elements of the *McDonnell Douglas* burden-shifting analysis.  However, even if the Court were to consider the remaining elements, it would find that Defendant articulated a legitimate, nondiscriminatory reason for its adverse employment decision and that Plaintiff cannot prove by a preponderance of the evidence that the nondiscriminatory reason offered by Defendant is pretextual.

1    Plaintiff does not dispute that he must file a claim with the EEOC before initiating a

2  lawsuit.  *See Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990).  "The

3  scope of a civil action alleging [employment] discrimination is limited by the charge filed

4  with the EEOC."  *Id.*  However, the Court may consider, "any charges of discrimination that

5  are like or reasonably related to the allegations made in the EEOC charge, or that fall within

6  the EEOC investigation which can reasonably be expected to grow out of the charge of

7  discrimination."  *Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000) (internal

8  quotations and citations omitted).   Nonetheless, gender discrimination is not "like or

9  reasonably related" to claims of race or age discrimination.  *See Lowe v. City of Monrovia*,

10  775 F.2d 998, 1004 (9th Cir. 1985), *amended*, 784 F.2d 1407 (9th Cir. 1986) (holding that

11  a plaintiff who filed a race discrimination charge with the EEOC, and who did not mention

12  gender discrimination in the charge, did not exhaust administrative remedies for her gender

13  discrimination claim); *Muhammad v. New York City Transit Authority*, 450 F.Supp.2d 198,

14  206 (E.D.N.Y. 2006) (holding that claim of race discrimination is not reasonably related to

15  a claim of gender discrimination).  Accordingly, Plaintiff's claim for gender discrimination

16  fails as a matter of law.[3]

17    C.   Age Discrimination

18    The analysis for an age discrimination claim under the Age Discrimination in

19  Employment Act ("ADEA") is the same as the analysis for a Title VII race discrimination

20  claim.  *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994) (combining the Title

21  VII and ADEA claims for analysis because the burdens of proof and persuasion are the

22  same).  Accordingly, for the same reasons the Court has expressed in its discussion of the

23

24

25    [3]The Court also finds that Plaintiff cannot cure the defect because the time limit within

26  which to file a charge with the EEOC has expired.  And, even if the defect could be cured,

27  the Court finds, for the same reasons as expressed in the Court's discussion of the race

28  discrimination claim, that Plaintiff has failed to establish a *prima facie* case of gender

discrimination.

1  race discrimination claim, the Court finds that Plaintiff has failed to establish a *prima facie*

2  case of age discrimination.

3  II.      Conclusion

4          For the forgoing reasons,

5          **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 26) is

6  GRANTED;

7          **IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. # 31) is

8  GRANTED and Plaintiff's Motion for Declaratory Judgments (Doc. # 29), to the extent it is

9  intended to serve as a dispositive motion, is DENIED;

10         **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Adjudication

11  of Defendant's Motion for Summary Judgment (Doc. # 32) is DENIED as moot;

12         **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's

13  "Corrected" Statement of Facts in Support of Motion for Declaratory Judgment (Doc. # 37)

14  is DENIED;

15         **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor

16  of Defendant and that Plaintiff take nothing on his Complaint.

17         DATED this 19th day of December, 2006.

18

19

20  _____

21                        James A. Teilborg
                     United States District Judge

22

23

24

25

26

27

28

- 6 -